IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KENNETH STRACHAN AND
SHELIA STRACHAN                                                                           PLAINTIFFS

VS.                                             CIVIL ACTION NO.: 4:17-CV-138-DMB-JMV

STATE FARM FIRE AND CASUALTY COMPANY
And DON PYRON BUILDERS, LLC                                                      DEFENDANTS

## ORDER

This matter is before the Court, *sua sponte*, for consideration of remand for lack of federal jurisdiction as explained hereafter.[1] Remand may be avoided by the filing of an amended notice of removal—within seven (7) days of the date of this order—that includes allegations that establish an appropriate basis for federal court jurisdiction.

The Notice of Removal (hereinafter "Notice") [1] purports to establish federal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332(a), but it does not adequately identify the citizenship of all parties. "The party asserting diversity jurisdiction must 'distinctly and affirmatively allege[ ]' the citizenship of the parties." *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

Here, the Notice states in relevant part, "4. Plaintiffs have pleaded that they are adult *resident citizens* of North Carrollton, Mississippi. *See* Exhibit A, Complaint, ¶ 1." [emphasis added]. Contrary to this statement, however, the Complaint at Paragraph 1 merely states, "Plaintiffs Kenneth and Shelia Strachan are adult Mississippi *residents* . . . ." [emphasis added].

---

[1] The Court is obligated to make an independent inquiry into its jurisdiction. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

"For purposes of diversity jurisdiction, the domicile of the parties as opposed to their residence, is the key." *Combee v. Shell Oil Co.,* 615 F.2d 698, 700 (5th Cir. 1980). Accordingly, the Notice fails to satisfactorily allege the citizenship of Plaintiffs.

Moreover, it should be noted that for purposes of diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). In this case the Notice provides as follows:

> A review of the information provided to the Mississippi Secretary of State's office and publicly available indicates that Don Pyron Builders, LLC, is comprised of only one member, Don Pyron, who, as of its last filing on Feb. 1, 2017, claims to be a *resident* of Grenada, MS . . . Therefore, the citizenship of Don Pyron Builders, LLC is Mississippi for purposes of determining diversity jurisdiction.

Even assuming *arguendo* that Mr. Pyron is the sole member of the LLC, his *residence* (as alleged in the Notice) is, again, not determinative of the issue of citizenship of the LLC.

As noted, the defects in the jurisdictional allegations of the Notice descried above may be corrected by the filing, within seven (7) days of the date of this order, of an amended notice of removal that includes allegations which establish this Court has jurisdiction over this action. Failure to do so will result in the Court recommending remand of this case for lack of subject matter jurisdiction.

**SO ORDERED** this, the 13th day of October, 2017.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**