IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| KENNETH STRACHAN and SHEILA STRACHAN | PLAINTIFFS |
| V. | NO. 4:17-CV-138-DMB-JMV |
| STATE FARM FIRE AND CASUALTY COMPANY and DON PYRON BUILDERS, LLC | DEFENDANTS |

**ORDER**

Before the Court are Kenneth Strachan and Sheila Strachan's motion to remand, Doc. #16, and State Farm Fire and Casualty Company's motion to sever, Doc. #3.

**I**
**Relevant Procedural History**

On August 11, 2017, Kenneth and Shelia Strachan filed a complaint in the Circuit Court of Carroll County, Mississippi, against State Farm Fire and Casualty Company ("State Farm") and Don Pyron Builders, LLC ("Builders"). Doc. #2. In their complaint, the Strachans allege that they contracted for Builders to perform extensive remodeling of their home and that Builders negligently completed the project, causing damage to their property. *Id.* at ¶ 7, 10–11. They further allege that State Farm wrongfully rejected their requested reimbursement under their home insurance policy. *Id.* at ¶¶ 15, 23–29. The Strachans assert claims for breach of contract, negligence, bad faith, and breach of fiduciary duty against State Farm, and claims for breach of contract, breach of warranty, negligence, and unjust enrichment against Builders. *Id.* at ¶¶ 17–51.

The Strachans served State Farm with process on August 29, 2017, and State Farm, asserting diversity jurisdiction, removed the state court action to this Court on September 28, 2017.

Doc. #1. The notice of removal, as amended,[1] alleges that State Farm is a citizen of Illinois, Builders is a citizen of Mississippi, and the Strachans are citizens of Mississippi. Doc. #15 at ¶¶ 4–6. The notice of removal also alleges that, notwithstanding the matching citizenship of the Strachans and Builders, complete diversity exists because, pursuant to the doctrine of fraudulent or egregious misjoinder, the citizenship of Builders may be disregarded.[2]

One day after removal, State Farm filed a motion seeking severance and remand of the claims against Builders. Doc. #3. The Strachans did not respond to the motion to sever but, on October 27, 2017, filed a motion to remand. Doc. #16. The motion to remand has been fully briefed. *See* Doc. #21; Doc. #22.

## II
## Standard

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted). In this regard, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[1] On October 13, 2017, United States Magistrate Judge Jane M. Virden gave State Farm the opportunity to cure technical defects in its notice of removal. Doc. #10. State Farm filed an amended notice of removal on October 20, 2017. Doc. #15.

[2] Builders was served with process on September 21, 2017. Doc. #8-11. State Farm alleges in the removal notice that, "as a fraudulently or improperly joined party, Don Pyron Builders, LLC is not required to join or consent to this removal and dismissal." Doc. #1 at ¶ 3.

2

# III
# Analysis

Diversity jurisdiction requires that there be: (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014).

As explained above, State Farm submits that complete diversity exists because Builders, a non-diverse defendant, was fraudulently misjoined. The Strachans seek remand on the ground that Builders was not fraudulently misjoined in this action and that, therefore, complete diversity does not exist.

The doctrine of fraudulent misjoinder derives from the Eleventh Circuit's opinion in *Tapscott v. MS Dealer Service Corp.*, which held that "[a] defendant's right of removal cannot be defeated by a fraudulent joinder of a resident having no real connection with the controversy." 77 F.3d 1353, 1360 (11th Cir. 1996)). Recently, this Court rejected fraudulent misjoinder as a basis for removal jurisdiction. *See Wilson v. State Farm Mut. Auto. Ins. Co.*, No. 4:17-cv-124, 2018 WL 1096836, at *2 (N.D. Miss. Feb. 28, 2018). In reaching this conclusion, the Court relied on both the rule that the removal statute must be strictly construed and the absence of clear guidance from the Fifth Circuit or the United States Supreme Court on the application of the fraudulent misjoinder doctrine. *Id.* For these same reasons, the Court concludes here that fraudulent misjoinder is not a viable rule and that, therefore, the citizenship of Builders, a non-diverse defendant, may not be disregarded. Accordingly, in the absence of complete diversity, the Strachans' motion to remand must be granted. State Farm's motion to sever will be denied as moot.

# IV
# Conclusion

For the reasons above, the Strachans' motion to remand [16] is **GRANTED**. State Farm's motion to sever [3] is **DENIED as moot**. This action is **REMANDED** to the Circuit Court of Carroll County.

**SO ORDERED**, this 5th day of April, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**